# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50226 | **DATE** | 3/12/2004 |
| **CASE TITLE** | MONCIVAIZ vs. DEKALB | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendants motion to dismiss is granted as to the claims under 42 U.S.C. § 300a-7, the Title VII claims against the individual defendants, and the official capacity claims against the individuals under Section 1983. The claims for punitive damages against DeKalb County are stricken. Otherwise, defendant's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | MAR 12 2004 | | 16 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | 3-12-04 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| /SEC | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Faith Moncivaiz, filed suit against defendants, Dekalb County (misnamed as the Dekalb County Health Department), and Jane Lux, Karen Hills, and Jean Zucher, in both their official and individual capacities. The complaint asserts claims under 42 U.S.C. § 1983 ("Section 1983") for violation of plaintiff's constitutional right to freedom of speech and free exercise of religion under the First and Fourteenth Amendments to the United States Constitution , a denial of equal protection under the Fourteenth Amendment, violation of 42 U.S.C. § 2000e et seq. ("Title VII"), violation of 42 U.S.C. § 300a-7, and violation of the Illinois Health Care Right of Conscience Act, 745 ILCS 70/5. Jurisdiction is proper under 28 U.S.C. §§1331 and 1367.

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6). Plaintiff concedes some portions of defendants' motion are well taken. Accordingly, the Title VII claims against the individual defendants are dismissed, the official capacity claims against the individuals under Section 1983 are dismissed and the claims for punitive damages against Dekalb County are stricken. On a 12 (b) (6) motion to dismiss all well-pleaded allegations are taken as true, all reasonable inferences are drawn in plaintiff's favor, and dismissal is appropriate only "when there is no possible interpretation of the complaint under which it can state a claim." Flannery v. Recording Indus. Ass'n of America, 354 F.3d 632, 637 (7th Cir. 2004). Accordingly, the facts are taken from plaintiff's complaint.

Plaintiff, a part-time secretary in Dekalb's WIC program, applied for a position as a full-time secretary. Compl. ¶12. During the interview process, plaintiff, who is bilingual, was asked if she would be able to translate for Family Planning, another program of Dekalb, and specifically if she would be able to translate the option of abortion as an option for an unwanted pregnancy. Id. ¶13. Plaintiff said she would find it very difficult to do this because of her moral and religious beliefs against abortion. Id. On September 4, 2002, Zucher advised plaintiff she had not been hired for the full-time position because of her stand on abortion. Id. ¶14. Zucher acknowledged plaintiff was at least as qualified as the candidate who was hired but reiterated plaintiff was not hired because of her views on abortion. Id. Zucher told plaintiff that as an employee of the Health Department, plaintiff would be expected to uphold the views of the department even outside the facility. Id. Lux and Hills participated in or ratified the decision not to promote plaintiff because of her views on abortion. Id. ¶15. Plaintiff resigned her part-time position in March 2003. Id. ¶ 16.

Defendants seek to dismiss the Section 1983 claims against Dekalb because the complaint does not plead facts supporting a claim that the unconstitutional action was taken pursuant to (1) an express policy, (2) a widespread practice or (3) by a person with final decisonmaking authority. The complaint simply states "[a]ll of the actions of the defendants . . . were done pursuant to state policy or practice." Id. ¶ 20. While this statement does not provide any detail, detail is not required. Defendants are on notice that plaintiff claims Dekalb had a policy or practice of denying freedom of speech, free exercise of religion and equal protection to individuals opposed to abortion. If defendants need more information to answer, the proper response is to move for a more definite statement under Rule 12 (e). See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Summary judgment is the means to deal with claims lacking in merit. Id.

Defendants argue plaintiff has not stated viable claims of free speech, free exercise and equal protection violations. Plaintiff has stated she was denied promotion because of her beliefs about abortion and that individuals with out such beliefs were promoted. Plaintiff does not allege (for the Section 1983 claims) that she was denied promotion because she would not translate abortion information, as defendant maintains, but that she was not promoted because of her expressed beliefs about abortion. A governmental employer cannot punish an employee for expression of matters of public concern. See Lickiss v. Drexler, 141 F.3d 1220, 1222 (7th Cir.), cert. denied, 525 U.S. 1002 (1998). Plaintiff has alleged enough to survive this motion to dismiss.

Defendants argue plaintiff has failed to state a claim for a violation of her free exercise rights and for a Title VII violation based on religious discrimination. Again, defendants rely on their characterization of the complaint as being only about the translation issue, but plaintiff's allegations are broader than that. The government may not under the Free Exercise Clause punish the expression of religious doctrines or impose special disabilities on the basis of religious views. See Employment Div., Dep't of Human Res. of Oregon v. Smith, 494 U.S. 872, 877 (1990). Title VII precludes disparate treatment based on religious belief. See Holmes v. Marion County Office of Family & Children, 349 F.3d 914, 916-17 (7th Cir. 2003). Plaintiff alleges she was denied a promotion based on her "moral and religious views and her expression of same." Compl. ¶ 25. At this stage, her allegations are sufficient.

Plaintiff alleges she was denied a promotion "based solely on her moral and religious views while promoting other employees who hold different religious views." Id. ¶27. Where plaintiff alleges she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" she has stated an equal protection claim. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff's allegations can be fairly read to allege a "class of one" equal protection claim under Olech.

The defendants named in their individual capacity also assert qualified immunity. To defeat a qualified immunity defense, the complaint must alleges facts which if true would be a violation of a constitutional right and the case law must be clearly established at the time of the violation so that a reasonable public official would have known that his conduct was unlawful. Delgado v. Jones, 282 F.3d 511, 516 (7th Cir. 2002). No special pleading standard must be met to survive a motion to dismiss on qualified immunity grounds. Triad Assoc., Inc. v. Robinson, 10 F.3d 492, 497 (7th Cir. 1993). Having found the complaint sufficiently alleges constitutional violations, the alleged violations were clearly established at the time such that a reasonable public official would have known them to be unlawful. The denial of a promotion to a government employee based solely on the employees religious beliefs or expression of the same was clearly established at the time of the action alleged to have occurred here.

Defendant argues plaintiff's claim that defendants violated 42 U.S.C. § 300a-7 by refusing to promote her "based on her unwillingness to assist in a part of said program due to her moral and religious convictions" must be dismissed because the statute does not provide a private right of action. The statute does not create an express private right of action and a strong presumption exists against creation of an implied right of action. Endsley v. City of Chicago, 230 F.3d 276, 281 (7th Cir. 2000), cert. denied, 532 U.S. 972 (2001). Plaintiff does not cite any legislative history to suggest a private right of action was intended. Absent such a suggestion, the court "will not imply a private right of action where none appears in the statute." Id. Plaintiff's claim premised on 42 U.S.C. § 300a-7 is dismissed.

Defendant moves to dismiss plaintiff's state law claim for violation of the Illinois Health Care Right to Conscience Act ("HCRCA"), 745 ILCS 70/5, asserting that Section 70/13 of that Act excepts plaintiff's claim because defendant Dekalb has accepted federal funds to provide health care services including providing information about abortion. However, this argument requires reliance on facts (the specific nature of the federal funding received by Dekalb) outside the complaint which cannot be considered on a 12 (b) (6) motion. Defendants also argue they cannot be liable under state law due to the Tort Immunity Act. 745 ILCS 10/1-101 et seq. The applicability of the Tort Immunity Act to claims under HCRCA has not been addressed by the Illinois courts. The HCRCA prohibits discrimination in promotion by any person or public entity because of an employees conscientious refusal to participate in "any particular health care services contrary to his or her conscience." 745 ILCS 70/5. The HCRCA provides an action for damages is available against "any public or private person, association, agency, entity or corporation" that injures another party by an action prohibited by the Act. Id., 70/12. The Tort Immunity Act provides immunity for public employees serving in a position "involving . . . the exercise of discretion," id., 10/2-201, and for a local public entity where the injury results from an act or omission of its employee and the employee is not liable. Id., 10/2-109. While there is authority that hiring is a discretionary act within the protection of the Tort Immunity Act, e.g., Johnson v. Mers, 664 N.E. 2d 668, 675 (Ill. App. 1996) (hiring a police officer who later shot someone was discretionary act), it seems unlikely the Illinois legislature intended the Tort Immunity Act to protect local governments and their employees from liability for refusing to hire or denying a promotion in violation of HCRCA in light of the express language in HCRCA making discrimination in hiring and promotion based on matters of conscience unlawful and providing an express cause of action against "any public or private person, association, agency, entity or corporation." 745 ILCS 70/5, 70/12.

For the foregoing reasons, defendants motion to dismiss is granted as to the claims under 42 U.S.C. § 300a-7, the Title VII claims against the individual defendants, and the official capacity claims against the individuals under Section 1983. The claims for punitive damages against Dekalb County are stricken. Otherwise, defendants' motion to dismiss is denied.